IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FERNANDO GRAJALES, Individually
And on behalf of all similarly situated,

     Plaintiff(s),

v.

ACCOUNTABLE CLIMATE SOLUTIONS,
INC. d/b/a ACS HOME SERVICES,

     Defendant.

CASE NO.:
8:14-cv-03101-VMC-MAP

## MOTION TO STRIKE AND FOR REPLEADER

COMES NOW, Defendant, ACCOUNTABLE CLIMATE SOLUTIONS, INC., by and through its undersigned attorneys, and files this Motion to Strike and For Repleader ("Motion") pursuant to Fed. R. Civ. P. 12(f), Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10, and any and all other applicable law, and states as follows in support thereof:

### Relevant Procedural History

1.    Plaintiff, FERNANDO GRAJALES, ("Plaintiff") by and through his attorneys, filed the Complaint in the case at bar ("Complaint") on or about December 12, 2014.

2.    The Complaint makes multiple allegations that ACS is or was aware of the existence of certain laws (¶¶ 69, 70)

3.    The Complaint makes multiple conclusory allegations of law (¶¶ 56, 61, 62, 71, 72, 73, 83, 84 and 85)

4.    The Complaint alleges the existence of certain statistics in the air conditioning industry (¶¶ 9-11).

5.      The Complaint alleges a certain association exists in the air conditioning industry which provides guidance for payment practices in the industry (¶¶ 86-88).

6.      The Complaint alleges that ACS did not pay overtime wages at least ten different times (¶¶ 1, 55, 63 76, 77, 78, 82, 85 and 89).

7.      The Complaint states that Plaintiff sues ACS pursuant to 29 USC 216(b). (¶ 63).

8.      The Court entered an Order on January 16, 2015, permitting Defendants until January 23, 2015 to respond to Plaintiff's Complaint.  Defendants' Motion is timely filed prior to the expiration of the time for filing a response to the Complaint.

## Memorandum of Law in Support of Motion

I.      Plaintiff's Complaint Fails to Follow Federal Rules of Civil Procedure 8 and 10.

A Complaint should contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  "A party must state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances…if doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count."  Fed. R. Civ. P. 10(b).   The court may strike from a pleading any redundant, immaterial, impertinent or scandalous matter.  Fed. R. Civ. P. 12(f).  District courts have broad discretion to determine whether to grant a motion to strike.  Wiand v. Wells Fargo Bank, N.A. 938 F. Supp. 1238, 1250 (M.D. Fla. 2013).

A.      Plaintiff's Complaint Contains Redundant and Immaterial Matter that Must be Struck.

The purpose of Rule 12(f) is to clean up the pleadings, streamline litigation and avoid unnecessary forays into immaterial matter.  Slep-Tone Entertainment Corp. v. 4145 Pete's Place, Inc., Case No. 8:12-cv-018883-JDW-AEP (M.D. Fla. October 1, 2013), at pp. 5-6 (Whittemore, J.), citing Wiand v. Wells Fargo Bank, N.A., 938 F. Supp. 2d. 1238 at *9 (M.D. Fla. April 5,

2013 (Whittemore, J.)). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id. at 6, *citing* Reyher v. TransWorld Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Plaintiff alleges that ACS did not pay overtime at least *ten* separate times in the Complaint. Such claims are redundant. They may confuse the issues or prejudice the Defendant should they not be struck or should the Complaint be permitted to contain a multiplicity of the exact same allegations. The Court should order that Plaintiff may not make such claims over and over again throughout the Complaint.

Plaintiff makes numerous allegations regarding industry standards, statistics and facts which allegedly apply to other installers and helpers in the same industry. Such matters are immaterial and impertinent as they have no bearing on the facts in the case at bar. For instance, in paragraphs 9-11 of Plaintiff's Complaint, it references statistics and information relevant to "a majority" of other similar types of employees in the industry. In paragraphs 86-88, the Complaint makes reference to standards of an industry association and seemingly insinuates that Defendants should be liable for failing to pay overtime because such a practice is recommended by an industry association. Such allegations are irrelevant and may confuse the issues or prejudice the Defendant should they not be struck. Thus, paragraphs 9, 10, 11, 86, 87 and 88 should be struck.

Plaintiff claims that ACS was simply aware of certain laws and regulations. Such facts are immaterial. The "knowledge" element of an overtime claim pertaining to whether an alleged FLSA violation was "willful" has to do with whether an employer had knowledge *of the fact that the employee may be protected under the chapter*. Majchrzak v. Chrysler Credit Corp., 538

-3-

F. Supp 33 (E.D. Mich. 1981) (emphasis added).  It is not relevant in any way whether Plaintiff was aware of the existence of the laws.  These allegations may confuse the issues or prejudice the Defendant should they not be struck.  Thus, paragraphs 69 and 70 of Plaintiff's Complaint must be struck as immaterial.

      B.    <u>Plaintiff's Complaint Must be Struck for Impermissibly Pleading Merely Conclusory Allegations</u>.

Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, conclusory accusation of harm.  <u>Slep-Tone Entertainment Corp.</u>, Case No. 8:12-cv-018883-JDW-AEP (M.D. Fla. October 1, 2013), p. 2 (Whittemore, J.), *citing* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  The complaint must "plead all facts establishing entitlement to relief with more than labels and conclusions or a formulaic recitation of the elements of a cause of action.  <u>Id.</u>, *citing* <u>Resnick v. AvMed, Inc.</u>, 693 F.3d 1317, 1324 (11th Cir. 2012) (*quoting* <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  The "plausibility standard" of a pleading asks for more than a sheer possibility that a defendant has acted unlawfully.  <u>Id.</u>, *citing* <u>Twombley</u> (550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  <u>Id.</u> at 2-3. *citing* (<u>Twombley</u> 550 U.S. at 557).  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>Id.</u> at 3, *citing* <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157 (2nd Cir. 2007).

Plaintiff has made numerous conclusory allegations without supporting them with ultimate facts.  For instance, Plaintiff states plainly that ACS's employees are individually covered by the FLSA, ACS is an enterprise as defined by 29 USC 203(r), ACS is an enterprise engaged in commerce as defined by 29 USC 203(s), ACS has not complied with 29 C.F.R.

516.2(a)(7), ACS acted in reckless disregard of the FLSA, ACS willfully violated FLSA, and installers and helpers are covered by the FLSA.  Plaintiff states multiple times that he is entitled to overtime pay and was not paid overtime pay.  These are mere conclusions of law.  Such pleadings merely show that the misconduct was possible, but not plausible.  There is no place in the Complaint that ties these legal conclusions to the specific and supporting allegations of fact or, alternatively, such facts have not been sufficiently pled.

Although the Court must accept as true all allegations contained in the complaint, this tenet is inapplicable to legal conclusions.  Id., *citing* Ashcroft v. Iqbal, 556 U.S. 672, 678 (2009).  While legal conclusions can provide the framework for the complaint, they must be supported by factual allegations.  Id., *citing* Ashcroft v. Iqbal, 556 U.S. at 679).  Because Plaintiff's Complaint makes numerous legal conclusions but insufficient factual allegations to support them (or insufficiently designates which facts support such legal conclusions), the Plaintiff's Complaint must be struck and re-plead.

C.    Plaintiff's Complaint Must be Struck as a "Shotgun" Pleading in violation of Rule 10.

Shotgun pleading is prohibited by the Eleventh Circuit, which encourages compliance with Rule 10(b).  Slep-Tone Entertainment Corp. v. 4145 Pete's Place, Inc., Case No. 8:12-cv-018883-JDW-AEP (U.S.M.D. Fla. January 8, 2013) p.2 (Whittemore, J.), *citing* Fed. R. Civ. P. 10(b).  A "shotgun pleading" complaint is one that contains irrelevant factual allegations and legal conclusions which require the trial court to undertake the onerous task of sifting out the irrelevancies.  Slep-Tone Entertainment Corp. v. 4145 Pete's Place, Inc., Case No. 8:12-cv-018883-JDW-AEP (U.S.M.D. Fla. July 26, 2013) p.2 (Whittemore, J.), *citing* Strategic Income Fund, LLC v. Spear, Leads & Kellocc Corp., 405 F.3d 1293, 1295-96 (11th Cir. 2002).  Shotgun pleadings contain factual allegations which could not possibly be material.  Id., *citing* Pellerties

v. Zwiefel, 921 F.2d 1465, 1512 (11th Cir. 1991).   The incorporation of a wide swath of impertinent allegations warrants striking a complaint as a "shotgun pleading".  Id.  A shotgun pleading is one where it is virtually impossible to know which allegations of fact are intended to support which claims for relief.  Id., *citing* Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 7 F.3d 364, 366 (11th Cir. 1996).

The Complaint states that it is brought pursuant to 29 USC § 216(b).  This statute is the damages portion of the Fair Labor Standards Act.  It states that any employer who violates § 206 or § 207 of the FLSA is entitled to certain damages.  The Complaint also states that ACS has willfully violated the FLSA (but not which section).  The Complaint also states that ACS has not complied with 29 C.F.R. 516.2(a)(7).  The Complaint contains no counts, but instead mingles all of the claims of fact and law together in one 90-paragraph complaint.  It is impossible to know whether Plaintiff intends to assert one single cause of action or multiple.  It is impossible to know which facts alleged are intended to support which causes of action or legal conclusions. The Complaint fails to provide Defendant with fair notice of the specific claims against it.  Id. at 3, *citing* Bell Atl. Cor. V. Twombly, 550 U.S. 544, 555 (2007).

A quintessential shotgun pleading is complete with factual allegations that could not possibly be material and that force the district court to sift through the facts presented and decide for itself which were material to the particular cause of action asserted.  Id., *citing* Pelletier v. Zwiefel, 921 F.2d 1465, 1512 (11th Cir. 1991).  It generally contains irrelevant factual allegations and legal conclusions which require the trial court to undertake the onerous task of sifting out the irrelevancies. Id., c*iting* Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.2d 1293, 1295-1296 (11th Cir. 2002). The Complaint also contains multiple allegations that relate to industry statistics and association information.  The Complaint contains information regarding

the identity of the qualifying agent for ACS, ACS's industry, ACS's revenue sources and ACS's claims on its website.  These allegations do not appear to be material to the case at bar and have no bearing whatsoever on the legal or equitable claims of the Plaintiff.

In cases of shotgun pleadings, the district court is required to strike the pleading on its own initiative and require a re-pleader.  Id., *citing* Ledford v. Peeples, 657 F.3d 1222, 1240 (11th Cir. 2011).

<u>Conclusion</u>

Plaintiff's Complaint violates Rule 8 and Rule 10.  It impermissibly contains redundant and immaterial matter and contains merely conclusory allegations of law.  The Court should require Plaintiff to strike and re-plead the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, ACS prays that this Court will enter an Order Striking Plaintiff's Complaint and requiring a Repleader.

Respectfully submitted this 23rd day of January, 2015.

s/Kevin G. Brick, Esq.
Kevin G. Brick, Esq.
Florida Bar No. 11500
kevin.brick@yangerlaw.com
William Yanger, Esq.
Florida Bar No.: 801615
bill.yanger@yangerlaw.com
Yanger Law Group, P.A.
217 N. Lois Avenue
Tampa, FL  33609
Phone:  (813) 286-7025
Fax:  (813) 288-2039
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document is being filed this 23rd day of January, 2015 using the Clerk's CM/ECF System which will provide a copy of the foregoing by electronic notification to Bernard R. Mazaheri, Esq., BMazaheri@forthepeople.com.

s/Kevin G. Brick, Esq.
Kevin G. Brick, Esq.
Florida Bar No. 11500
kevin.brick@yangerlaw.com