```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

FERNANDO GRAJALES,

        Plaintiff,        Case No. 8:14-cv-3101-T-33MAP

v.

ACCOUNTABLE CLIMATE SOLUTIONS,
INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Accountable Climate Solutions, Inc.'s Motion to Strike and for Repleader (Doc. # 10), which was filed on January 23, 2015. Plaintiff Fernando Grajales filed a response on January 28, 2015. (Doc. # 13). For the reasons that follow, the Court denies the Motion.

**Analysis**

On December 12, 2014, Grajales filed a putative class action Complaint seeking the payment of overtime wages against his employer, Accountable Climate Solutions, Inc. (ACS), under the Fair Labor Standards Act. (Doc. # 1). ACS seeks an Order striking the Complaint under Rule 12(f), Fed. R. Civ. P., arguing, inter alia, that the Complaint contains redundant allegations, irrelevant assertions, and is otherwise a shotgun pleading. ACS also contends that the Complaint fails to

comply with the technical requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Although the Court agrees that the Complaint is not a model of clarity, the Court declines to employ the draconian sanction of striking Grajales's pleading.

### A.   Rules 8 and 10, Fed. R. Civ. P.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a claimant state: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Rule 8 also requires that "[e]ach allegation must be simple, concise, and direct" and specifies that "[n]o technical form is required." 8(d)(1), Fed. R. Civ. P. Likewise, Rule 10 of the Federal Rules of Civil Procedure requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." 10(b), Fed. R. Civ. P.

After carefully reviewing the Complaint, the Court is satisfied that Grajales is compliant with Rules 8 and 10 of the Federal Rules of Civil Procedure. The Complaint, which is organized into numbered paragraphs in accordance with Rule 10 of the Federal Rules of Civil Procedure, alleges that the

Court has jurisdiction over this matter because Grajales seeks relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). (Doc. # 1 at ¶ 75). Grajales also contends that ACS "failed to pay overtime to Grajales as well as other similarly situated installers and helpers," that "Grajales as well as other installers and helpers worked overtime without overtime pay," and ACS "owes overtime to Grajales for work he performed within the past three years." (Id. at ¶¶ 76-79). In addition, Grajales contends that ACS failed to keep records of its employees' hours and willfully violated the requirements of the FLSA. (Id. at ¶ 7, 8, 73). These allegations, among others, satisfy Rule 8's requirement that Grajales provide a short and plain statement of his claim and make a demand for relief. The Court accordingly rejects A ACS's arguments predicated upon Rules 8 and 10 of the Federal Rules of Civil Procedure.

**B.   Rule 12(f), Fed. R. Civ. P. and Shotgun Pleadings**

Rule 12(f), Fed. R. Civ. P., states: "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 U.S. Dist.

-3-

LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). Material that has "no possible relationship to the controversy," that "may confuse the issues," or that will "prejudice a party" is subject to being stricken under Rule 12(f). <u>Chabot v. MLU Servs., Inc.</u>, 544 F. Supp. 2d 1326, 1330 (M.D. Fla. 2008).

The Court concedes that portions of the Complaint could be characterized as redundant. For instance, Grajales alleges throughout the Complaint that ACS failed to make overtime payments. (<u>Id.</u> at ¶ 1, 55, 76, 77, 85, 89). However, the repetitive and arguably verbose nature of Grajales's allegations does not warrant the requested remedy of striking the Complaint. In addition, ACS has not identified any immaterial or prejudicial statement in the Complaint that is subject to being stricken under Rule 12(f), Fed. R. Civ. P.

Furthermore, the Court declines to classify the Complaint as a shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F. 3d 1293, 1295 at n.9 (11th Cir. 2002); <u>Wagner v. First Horizon Pharm. Corp.</u>, 464 F.3d 1273, 1279 (11th Cir. 2006)

("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief."). In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." <u>Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College</u>, 77 F.3d 364, 366 (11th Cir. 1996). A defendant faced with such a complaint is not expected to frame a responsive pleading. <u>Id.</u>

Grajales's response to the Motion to Strike confirms that the Complaint asserts a single count against ACS for violation of the FLSA. (Doc. # 13 at 1). The Complaint provides detailed allegations concerning ACS's coverage under the FLSA, Grajales's status as an employee, ACS's alleged failure to keep appropriate records, the alleged willfulness of the purported FLSA violation, conditional certification, exemptions from the FLSA's overtime provision, and other pertinent issues that may arise in this action. Although Grajales's allegations border on loquacious, the Court determines that Grajales has not filed a shotgun Complaint. The Motion to Strike is thus denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Accountable Climate Solutions, Inc.'s Motion to

Strike and for Repleader (Doc. # 10) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>9th</u> day of February, 2015.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel of Record