UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FERNANDO GRAJALES,

       Plaintiff,

v.                      Case No. 8:14-cv-3101-T-33MAP

ACCOUNTABLE CLIMATE SOLUTIONS,
INC.,

       Defendant.

_____/

## ORDER

    This matter is before the Court pursuant to Plaintiff Fernando Grajales's Notice of Settlement (Doc. # 24), which was filed on March 25, 2015. The Court requires further information regarding the settlement. Therefore, the Court directs the parties to file a Motion for Court Approval of the Settlement, which includes attorneys' fees information, as explained below.

## Discussion

    Plaintiff filed a Complaint requesting relief under the Fair Labor Standards Act on December 12, 2014. (Doc. # 1).  On January 27, 2015, the Court issued its FLSA Scheduling Order and Order referring this case to mediation. (Doc. ## 11, 12). The case is presently scheduled to mediate before Mark Hanley, Esq. on April 1, 2015. (Doc. #  16).

    Plaintiff filed answers to the Court's FLSA interrogatories on March 7, 2015, and Defendant filed a verified summary of hours and wages on March 23, 2015. (Doc.

## 20, 23). At this juncture, Plaintiff advises the Court that a settlement has been reached. Plaintiff represents that Defendant will pay Plaintiff the amount of $3,000.00 by March 27, 2015, for "claimed unpaid overtime," "claimed liquidated damages," "reimbursement for fuel and uniform deductions," and "execution of a written agreement that includes a release of claims." (Doc. # 24 at 1). Plaintiff suggests that the parties have agreed upon the amount of attorneys' fees to be paid by Defendant to counsel for Plaintiff, but does not provide that information: "Defendant has agreed to pay a sum that [Plaintiff's] counsel agreed to accept on the condition the funds would be received on or before March 27, 2015." (Id. at 2).

Because Plaintiff contends that Defendant violated the overtime provisions of the FLSA, any settlement reached in this case is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). While the Court commends the parties for reaching an accord in this case, further information regarding attorney's fees is needed before the Court can assess the fairness of the settlement.

This Court is duty-bound to scrutinize the Plaintiff's attorney's fees as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). There, the court

2

explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.

Id. at 352.

So that this Court may evaluate the fairness of the settlement, the Court directs the parties to file a Motion for Court Approval of the Settlement, detailing the amount of attorneys fees to be paid to Plaintiff's counsel (including a fee ledger) on or before March 27, 2015. This truncated deadline is necessary because the parties are scheduled to mediate on April 1, 2015.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The parties are directed to file a Motion for Court Approval of the Settlement, detailing the amount of attorneys fees to be paid to Plaintiff's counsel (including a fee ledger) on or before **March 27, 2015**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of March, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3

Copies: All Counsel of Record